UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22045-CIV-MARTINEZ/GOODMAN

MARIE J. PIERRE,

    Plaintiff,

v.

MIAMI DADE COUNTY PUBLIC
SCHOOLS, *et al.*,

    Defendants.

_____/

**OMNIBUS ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION TO APPOINT COUNSEL, AND DENYING AS MOOT MOTION TO STAY**

This matter is before the Court on the Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3], Motion to Appoint Counsel [ECF No. 4], and Motion to Stay [ECF No. 5], all of which were referred to the Undersigned by U.S. District Judge Jose E. Martinez [ECF No. 6].

    **I.**    **The Motion for Leave to Proceed *in Forma Pauperis***

28 U.S.C. § l915(a) allows an *indigent* plaintiff to proceed in federal court without prepayment of fees and costs. In this case, a review of the Plaintiff's Application to Proceed Without Prepaying Fees or Costs shows that she is not, in fact, indigent. The Plaintiff states that she earns $1,828.00 in monthly income, and

that her estimated monthly expenses total $2,000.00, however, she also states that she has a checking account with a balance of $15,000.00.[1] [ECF No. 3, pp. 1-3]. The fees necessary to file and serve a federal lawsuit are relatively modest, and the Plaintiff's own statement about the amount of money in her checking account shows that she has ample money to pay for these fees and costs. For this reason, the Motion for Leave to Proceed *in Forma Pauperis* is **DENIED**.[2]

**The Plaintiff shall, no later than November 25, 2014, pay the $400.00 filing fee required to file her Complaint**, or else show cause why the Undersigned should not recommend to the District Court that her case be dismissed. In addition, the Undersigned notes that no summonses appear in the record. **The Plaintiff shall have until November 25, 2014 to file the appropriate summonses with the Court and to specifically indicate if service by the U.S. Marshal is requested for the complaint and summonses.**

---

[1] A review of the Plaintiff's line item monthly expenses shows a total amount of $2,350.00, but the Plaintiff states her total monthly expenses run to $2,000.00. This difference would not affect the outcome reached here, namely, the denial of her Motion to Proceed *in Forma Pauperis*, because of the substantial amount in her checking account. [ECF No. 3, pp. 4-5].

[2] The Undersigned notes that the affidavit portion of the Application to Proceed in District Court Without Prepaying Fees or Costs was not dated and signed. This, alone, would warrant denial of a motion to proceed *in forma pauperis* because, without the affidavit, there is no way to be sure that the information the Plaintiff included in her application is actually true. However, in this instance, even assuming that the information *is* true, the Motion should *still* be denied, because the statements and information in the application show that the Plaintiff is not indigent.

## II. <u>The Motion to Appoint Counsel</u>

The Court cannot appoint a lawyer to represent the Plaintiff here because there is no applicable provision under the law for such appointment. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). This is not a criminal case in which the Sixth Amendment guarantees an indigent defendant full access to the public purse to assure justice. It is a private civil suit alleging, among other things, discrimination in violation of the Civil Rights Act of 1964.

Under compelling circumstances, the Court can request a lawyer to represent an indigent civil plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Any lawyer who agrees to undertake such representation must bear all of his or her own expenses, such as travel expenses, and can receive no compensation unless the plaintiff ultimately prevails in the case. If the plaintiff does prevail, then the Court can award a reasonable attorney's fee as part of the costs, pursuant to 42 U.S.C. § 1988.

The Court has reviewed this case and finds that no compelling circumstances require the extraordinary procedure of appointing counsel for the Plaintiff. First and foremost, the Undersigned has, in this Order, denied the Plaintiff's request to proceed *in forma pauperis* because her application to do so clearly shows that she can afford to pay the fees and costs associated with this lawsuit. Similarly, her application shows that she can likely afford counsel,

should she choose to retain a lawyer in connection with this case. In addition, the Undersigned notes that this is a straightforward lawsuit alleging civil rights discrimination. Even if the Plaintiff is indigent, this is not a complex case warranting the appointment of counsel. For these reasons, the Motion to Appoint Counsel is **DENIED**.

### III. The Motion to Stay

The Plaintiff filed an untitled, singe-page document with the Clerk's Office in which she indicated that she will be away in Haiti from June 16, 2014 until August 10, 2014, and in which she asks "could you please hold this case until I return. [sic]" [ECF No. 5, p. 1]. This document was characterized as a Motion to Stay by the Clerk's office. In any event, this time period has come and gone without incident, and for this reason, the Motion to Stay is **DENIED as moot.**

**DONE** and **ORDERED** in Chambers, in Miami, Florida, October 22, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Jose E. Martinez

Marie J. Pierre
12775 NW 1st Ave.
Miami, FL 33168
**PRO SE**